ELECTRONICALLY FILED
10/24/2017 11:55 AM
2017-L-010777
CALENDAR: H
PAGE 1 of 13
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

| | |
|---|---|
| DAVID LOPEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. |
| NORFOLK SOUTHERN RAILWAY ) | |
| COMPANY, d/b/a "NORFOLK ) | |
| SOUTHERN"; J.B. HUNT TRANSPORT, ) | |
| INC., d/b/a "J.B. HUNT", ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, DAVID LOPEZ, by and through his Attorneys, GOLDBERG WEISMAN CAIRO, and against the Defendants, NORFOLK SOUTHERN RAILWAY COMPANY, d/b/a "NORFOLK SOUTHERN"; and J.B. HUNT TRANSPORT, INC., d/b/a "J.B. HUNT", and each of them, states as follows:

### FACTS COMMON TO ALL COUNTS

1. At all relevant times, Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, d/b/a "NORFOLK SOUTHERN" (hereinafter "NORFOLK SOUTHERN"), is a railroad company organized pursuant to federal statute.

2. At all relevant times, NORFOLK SOUTHERN was operating railroad trains for the benefit of J.B. HUNT TRANSPORT, INC., d/b/a "J.B. HUNT" (hereinafter "J.B. HUNT") under a contractual agreement between NORFOLK SOUTHERN and J.B. HUNT.

3. At all relevant times, ITS, LLC, d/b/a "ITS" (hereinafter "ITS") was a subcontractor of NORFOLK SOUTHERN, while NORFOLK SOUTHERN was operating railroad trains

[1430795/1]   1



for the benefit of J.B. HUNT under a contractual agreement between NORFOLK SOUTHERN and J.B. HUNT.

4. At all relevant times, Defendants NORFOLK SOUTHERN, J.B. HUNT, and ITS were engaged in joint operational railroad activity in furtherance of interstate commerce.

5. At all relevant times Plaintiff DAVID LOPEZ was a terminal operator by ITS, and employed at the Calumet Yard, in rail yard work for the joint and mutual benefit of Defendants NORFOLK SOUTHERN, and J.B. HUNT, and in furtherance of joint operational railroad activities.

6. In his said capacity, Plaintiff David Lopez was assigned to work on the property of Defendant NORFOLK SOUTHERN's Calumet Yard, located at or near 2017 E 103rd St, Chicago, IL 60617.

7. On or about June 26, 2016 (hereinafter "the time of the occurrence"), Plaintiff, DAVID LOPEZ, was performing his assigned duties at the Calumet Yard of unpinning fifty three (53) foot standard shipping or cargo containers in intermodal shipping yard for the purpose of facilitating joint operational railroad activities in furtherance of interstate commerce.

8. On or about the time of the occurrence, Plaintiff, DAVID LOPEZ, was injured while performing his assigned job duties for the joint and mutual benefit of NORFOLK SOUTHERN, in its Calumet Yard.

## COUNT I – FELA
**NORFOLK SOUTHERN RAILWAY COMPANY, d/b/a "NORFOLK SOUTHERN"**

9. Plaintiff DAVID LOPEZ re-alleges and reincorporates ¶¶ 1 – 8, as if stated more fully herein.

10. At all relevant times NORFOLK SOUTHERN was doing business as a common carrier engaged in interstate commerce by rail.

ELECTRONICALLY FILED
10/24/2017 11:55 AM
2017-L-010777
PAGE 2 of 13

11. At all relevant times, Plaintiff, DAVID LOPEZ was working for the benefit of NORFOLK SOUTHERN, in the Calumet Yard in Chicago, Illinois.

12. Pleading in the alternative, at the time and place alleged Plaintiff was serving as a contractor for NORFOLK SOUTHERN and/or J.B. HUNT; or he was a joint employee of NORFOLK SOUTHERN and/or J.B. HUNT, while performing work for the joint and/or mutual benefit of NORFOLK SOUTHERN and/or J.B. HUNT in the Calumet Yard.

13. At the Calumet Yard, NORFOLK SOUTHERN exercised control over the rail operations being performed thereon; maintained ownership and control of the side-loader cranes used to load and unload the intermodal shipping containers being removed from rail cars; and maintained operations managers including assistant terminal managers, terminal managers, trainmasters, yard masters, car department masters, and other employees whom all controlled the Plaintiff's work.

14. NORFOLK SOUTHERN at the Calumet Yard controlled the means and methods of loading and unloading; and maintained timing and tracks inbound trains were assigned to; the scheduling of loading and unloading cars; and control of the persons whose job it was to unpin the intermodal shipping containers for the purpose of transferring shipping containers from rail car to other modes of transportation, including by semi-truck, for the benefit of J.B. HUNT.

15. By controlling the tracks inbound trains were assigned to at the Calumet Yard, NORFOLK SOUTHERN controlled the number of side-loaders to be used in the operation of unloading the train and the number of employees to be used in unloading the train.

16. The control of inbound trains was integral to the operation of the Calumet Yard because NORFOLK SOUTHERN had contractual obligations to other intermodal shippers,

including J.B. HUNT, for timely movement of trains. Since Plaintiff's job duties were unpinning intermodal shipping containers, NORFOLK SOUTHERN therefore controlled Plaintiff's work.

17. NORFOLK SOUTHERN provided directions and instructions for Plaintiff at the Calumet Yard with respect to Plaintiff's job duties.

18. At all relevant times, there was in full force and effect a statute known as the Federal Employers' Liability Act (FELA), 45 U.S.C. §51-59, which provided that whenever an employee of a railroad is injured while engaged in the course of his employment, the railroad shall be liable in damages to the injured employee where the injury results in whole or in part in the negligence of any officers, agents, or other employees of the railroad by using of any defect or insufficiency due to the railroad's negligence in its cars, engines, appliances, equipment.

19. On or about the time of the occurrence, both the Plaintiff and the Defendant were subject to an act of Congress commonly referred to as the Federal Employers Liability Act, (hereinafter "FELA") 45 U.S.C. §§ 51 – 60, with respect to claims for personal injuries and other pecuniary losses sustained by Plaintiff, DAVID LOPEZ at the Calumet Yard.

20. Venue for this cause of action is appropriate in Cook County, as embracing the Calumet Yard, which was the location of the occurrence, as well as being location of the fact witnesses, location of the health care providers, and the residence of the Plaintiff.

21. On or about the time of the occurrence, NORFOLK SOUTHERN, and pursuant to FELA, owed a duty of care to Plaintiff, DAVID LOPEZ to, inter alia, provide a reasonably safe place for him to work at the Calumet Yard.

22. At the time of the occurrence, the Plaintiff was required to work on a wet metal walkway on a railcar to unpin cargo containers; and when one such pin became stuck and as a result, Plaintiff was caused fall from a height of approximately ten feet (10') to the ground and thereby sustained injuries.

23. On or about the time of the occurrence, NORFOLK SOUTHERN was negligent and violated FELA, 45 U.S.C. § 51, in one or more of the following respects:

    a. Failed to provide Plaintiff with a reasonably safe place to work;

    b. Failed to provide him with the correct tools and equipment to perform his job duties safely;

    c. Failed to provide reasonably safe methods to work;

    d. Failed to provide adequate training;

    e. Failed to provide adequate personal protective equipment;

    f. Failed to provide adequate safety equipment;

    g. Failed to protect rail yard workers in general, and Plaintiff in particular, from risk of injury due to fall;

    h. Required Plaintiff to work under hurried, unsafe, or otherwise unreasonably risky conditions;

    i. Otherwise required him to perform unsafe work.

24. As a direct and proximate result of one or more of the foregoing acts and/or omissions, Plaintiff, DAVID LOPEZ was caused to be injured; has endured and will endure in the future pain and suffering; has become disfigured and disabled; has suffered and will continue to suffer the loss of enjoyment of a normal life; has been damaged in his capacity

ELECTRONICALLY FILED
10/24/2017 11:55 AM
2017-L-010777
PAGE 5 of 13

to earn income; has incurred and will incur expenses for present and future medical services.

WHEREFORE the Plaintiff, DAVID LOPEZ, demands judgment against the Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, d/b/a "NORFOLK SOUTHERN" in an amount of money in excess of fifty thousand dollars ($50,000.00), and afford all other relief as may represent fair and just compensation.

## COUNT II – NEGLIGENCE
## NORFOLK SOUTHERN RAILWAY COMPANY, d/b/a "NORFOLK SOUTHERN"

25. Plaintiff DAVID LOPEZ re-alleges and reincorporates ¶¶ 1 – 8, as if stated more fully herein.

26. At the time of the occurrence, and prior thereto, the Defendant, NORFOLK SOUTHERN individually and by and through its agents, servants, and/or employees was present during the course of joint operational railroad activities at the Calumet Yard, where Plaintiff DAVID LOPEZ was injured. The Defendant, NORFOLK SOUTHERN participated in coordinating the work being done and designated various work methods, maintained and checked work progress, and participated in scheduling and inspecting the work being performed thereon. In addition, the Defendant, NORFOLK SOUTHERN had the authority to exercise direction with respect to the work being done, to stop the work being done, to refuse employees, or change the work being done at the Calumet Yard.

27. At the time of the occurrence, and prior thereto, it was the duty of the Defendant to exercise reasonable care in the care and control of the work so as to provide a reasonably safe place to work for the individuals at the Calumet Yard.

28. At the time of the occurrence, the Plaintiff was required to work on a wet metal walkway on a railcar to unpin cargo containers; and when one such pin became stuck and as a result,

[1430795/1]

Plaintiff was caused fall from a height of approximately ten feet (10') to the ground and thereby sustained injuries.

29. Notwithstanding its said duty owed to the Plaintiff, the Defendant, NORFOLK SOUTHERN, by and through its agents, servants, and employees, was then and there guilty of one or more of the following careless and/or negligent acts or omissions:

   a. Failing to provide barricades or warnings around the catwalk;

   b. Failing to provide adequate non-slip surfacing on the catwalk;

   c. Failing to provide adequate materials, including but not limited to non-slip gloves, for terminal operators to use while completing their work;

   d. Failing to properly supervise the work being done;

   e. Failure to inspect the conditions of the rail-cars upon which the work was being done, to ensure their reasonable safety;

   f. Failure to warn the Plaintiff of the hazardous or unsafe condition in which the catwalk existed; and/or

   g. Was otherwise careless and/or negligent in the manner in which the construction project was managed.

30. As a direct and proximate result of the aforesaid negligent acts and/or omissions of the Defendant, NORFOLK SOUTHERN, Plaintiff DAVID LOPEZ then and there sustained severe and permanent injuries, both internally and externally; and was and will continue to be hindered and prevented from attending to his usual duties and affairs; and has and will in the future will lose the value of that time. Plaintiff expended and became liable for and will in the future expend and become liable for large sums of money for reasonable and necessary medical care and medicines to be healed and cured of said injuries.

WHEREFORE the Plaintiff, DAVID LOPEZ, demands judgment against the Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, d/b/a "NORFOLK SOUTHERN", in a sum in excess of fifty thousand dollars ($50,000.00) plus the costs of this suit.

### COUNT III – FELA
### J.B. HUNT TRANSPORT, INC., d/b/a "J.B. HUNT"

31. Plaintiff DAVID LOPEZ re-alleges and reincorporates ¶¶ 1 – 8, as if stated more fully herein.

32. At the said time and place, NORFOLK SOUTHERN was operating railroad trains for the benefit of J.B. HUNT TRANSPORT, INC., d/b/a "J.B. HUNT" (hereinafter "J.B. HUNT") under a contractual agreement between NORFOLK SOUTHERN and J.B. HUNT at the Calumet Yard.

33. Pleading in the alternative, at the time and place alleged Plaintiff was serving as a contractor for NORFOLK SOUTHERN and/or J.B. HUNT; or he was a joint employee of NORFOLK SOUTHERN and/or J.B. HUNT, while performing work for the joint and/or mutual benefit of NORFOLK SOUTHERN and/or J.B. HUNT in the Calumet Yard.

34. At the Calumet Yard, J.B. HUNT exercised control over the rail operations being performed thereon; maintained ownership and control of the intermodal shipping containers used to facilitate intermodal shipping operations by way of joint railroad activities; and maintained operations managers, supervisors, and safety officers, and other employees whom all controlled the Plaintiff's work.

35. At the Calumet Yard, J.B. HUNT controlled the means and methods of loading and unloading; and maintained timing and tracks inbound trains were assigned to; the scheduling of loading and unloading cars; and control of the persons whose job it was to unpin the intermodal shipping containers for the purpose of transferring shipping

containers from rail car to other modes of transportation, including by semi-truck, for its benefit.

36. By controlling the tracks inbound trains were assigned to at the Calumet Yard, J.B. HUNT controlled the number of side-loaders to be used in the operation of unloading the train and the number of employees to be used in unloading the train.

37. The control of loading and unloading operations at the Calumet Yard was integral to the operation of the rail yard because J.B. HUNT had contractual obligations to other intermodal shippers. Since Plaintiff's job duties were unpinning intermodal shipping containers, J.B. HUNT therefore controlled Plaintiff's work.

38. J.B. HUNT directly and/or indirectly provided directions and instructions for Plaintiff at the Calumet Yard with respect to Plaintiff's job duties

39. At the said time and place, the Plaintiff, DAVID LOPEZ, was engaged in work for the mutual benefit of NORFOLK SOUTHERN and J.B. HUNT at the Calumet Yard.

40. At the said time and place, the said work being performed by the Plaintiff, DAVID LOPEZ was in furtherance of interstate commerce at the Calumet Yard.

41. At the said time and place, J.B. HUNT and NORFOLK SOUTHERN were engaged in joint operational railroad activity at the Calumet Yard.

42. At the said time and place, J.B. HUNT, while engaged in joint operational railroad activity with NORFOLK SOUTHERN, was subject to the FEDERAL EMPLOYERS LIABILITY ACT, 45 U.S.C. §§ 51 – 60 (FELA).

43. At the said time and place, and while J.B. HUNT was engaged in joint operational railroad activity at the Calumet Yard with NORFOLK SOUTHERN, J.B. HUNT had a duty under FELA to provide the Plaintiff, DAVID LOPEZ, with a reasonably safe place to work.

44. At the said time and place, and while J.B. HUNT was engaged in joint operational railroad activity at the Calumet Yard with NORFOLK SOUTHERN, J.B. HUNT had a duty under FELA to inspect the working conditions, the location of the equipment, the lighting conditions and the premises where the Plaintiff, DAVID LOPEZ, was required to work in order to provide working conditions that were reasonably safe.

45. At the said time and place, J.B. HUNT had a duty under FELA to provide proper training, proper equipment, proper lighting and reasonably safe working conditions to the Plaintiff, DAVID LOPEZ with respect to his work at the Calumet Yard.

46. At the said time and place and while engaged in a joint operational railroad activity with NORFOLK SOUTHERN, J.B. HUNT had a duty under the FELA to comply with the Code of Federal Regulations, 49 C.F.R., Subtitle B, Chapter II.

47. At the time of the occurrence, the Plaintiff was required to work on a wet metal walkway on a railcar to unpin cargo containers; and when one such pin became stuck and as a result, Plaintiff was caused fall from a height of approximately ten feet (10') to the ground and thereby sustained injuries.

48. At the said time and place, J.B. HUNT, while engaged in joint operational railroad activity with NORFOLK SOUTHERN, violated FELA in one or more of the following respects:

    a. In failing to provide a reasonably safe place to work;
    b. In failing to follow custom and practice in the railroad industry;
    c. In failing to follow guidelines and procedures in the railroad industry;
    d. In failing to provide adequate training and instruction with regard to safety;
    e. In failing to provide adequate warnings with regard to safety;

    f. In otherwise violating the Code of Federal Regulations, 49 C.F.R. §§ 200 – 240, et seq.

49. As a direct and proximate result of one or more of the foregoing acts and/or omissions, Plaintiff, DAVID LOPEZ was caused to be injured; has endured and will endure in the future pain and suffering; has become disfigured and disabled; has suffered and will continue to suffer the loss of enjoyment of a normal life; has been damaged in his capacity to earn income; has incurred and will incur expenses for present and future medical services.

WHEREFORE the Plaintiff, DAVID LOPEZ, demands judgment against the Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, d/b/a "NORFOLK SOUTHERN" in an amount of money in excess of fifty thousand dollars ($50,000.00), and afford all other relief as may represent fair and just compensation.

## COUNT IV – NEGLIGENCE
## J.B. HUNT TRANSPORT, INC., d/b/a "J.B. HUNT"

50. Plaintiff DAVID LOPEZ re-alleges and reincorporates ¶¶ 1 – 8, as if stated more fully herein.

51. At the time of the occurrence, and prior thereto, the Defendant, J.B. HUNT, individually and by and through its agents, servants, and/or employees was present during the course of joint operational railroad activities at the Calumet Yard, where Plaintiff DAVID LOPEZ was injured. The Defendant, J.B. HUNT participated in coordinating the work being done and designated various work methods, maintained and checked work progress, and participated in scheduling and inspecting the work being performed thereon. In addition, the Defendant, J.B. HUNT had the authority to exercise direction with respect to the work

being done, to stop the work being done, to refuse employees, or change the work being done.

52. At the time of the occurrence, and prior thereto, it was the duty of the Defendant to exercise reasonable care in the care and control of the work so as to provide a reasonably safe place to work for the individuals at the Calumet Yard.

53. At the time of the occurrence, the Plaintiff was required to work on a wet metal walkway on a railcar to unpin cargo containers; and when one such pin became stuck and as a result, Plaintiff was caused fall from a height of approximately ten feet (10') to the ground and thereby sustained injuries.

54. Notwithstanding its said duty owed to the Plaintiff, the Defendant, J.B. HUNT, by and through its agents, servants, and employees, was then and there guilty of one or more of the following careless and/or negligent acts or omissions:

   a. Failing to provide barricades or warnings around the catwalk;

   b. Failing to provide adequate non-slip surfacing on the catwalk;

   c. Failing to provide adequate materials, including but not limited to non-slip gloves, for terminal operators to use while completing their work;

   d. Failing to properly supervise the work being done;

   e. Failure to inspect the conditions of the rail-cars upon which the work was being done, to ensure their reasonable safety;

   f. Failure to warn the Plaintiff of the hazardous or unsafe condition in which the catwalk existed; and/or

   g. Was otherwise careless and/or negligent in the manner in which the construction project was managed.

ELECTRONICALLY FILED
10/24/2017 11:55 AM
2017-L-010777
PAGE 12 of 13

55. As a direct and proximate result of the aforesaid negligent acts and/or omissions of the Defendant, J.B. HUNT, Plaintiff DAVID LOPEZ then and there sustained severe and permanent injuries, both internally and externally; and was and will continue to be hindered and prevented from attending to his usual duties and affairs; and has and will in the future will lose the value of that time. Plaintiff expended and became liable for and will in the future expend and become liable for large sums of money for reasonable and necessary medical care and medicines to be healed and cured of said injuries.

WHEREFORE the Plaintiff, DAVID LOPEZ, demands judgment against the Defendant, J.B. HUNT TRANSPORT, INC., d/b/a "J.B. HUNT", in a sum in excess of fifty thousand dollars ($50,000.00) plus the costs of this suit.

Respectfully Submitted,

GOLDBERG WEISMAN CAIRO

By: _____
Attorneys for the Plaintiff

Michael A. Knobloch
GOLDBERG WEISMAN CAIRO
One E. Wacker Drive, 38th Floor
Chicago, IL 60611
312/464-1200
mknobloch@gwclaw.com